## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 15, 2004

The Honorable David K. Walker
Montgomery County Attorney
210 West Davis, Suite 400
Conroe, Texas 77301

Opinion No. GA-0165

Re: Whether a surety operating as an agent for a corporation must obtain a license separate from that of the corporation (RQ-0112-GA)

Dear Mr. Walker:

You ask whether a person operating as the agent of a corporate surety must obtain a license as a bail bondsman separate from that of the corporation, "including filing a separate application, paying an additional $500.00 fee, and posting separate security."[1]

Section 1704.151 of the Occupations Code explicitly provides that agents of corporate sureties must possess bail bond licenses: "Except as provided by Section 1704.163 [exempting attorneys from this requirement], a person may not act as a bail bond surety *or as an agent for a corporate surety in the county* unless the person holds a license issued under this chapter." TEX. OCC. CODE ANN. § 1704.151 (Vernon 2004) (emphasis added). To be eligible for such a license, "an individual, *including an agent designated by a corporation in an application*, must" meet certain criteria, including Texas residence and United States citizenship, work experience in the bail bond business, and the completion of certain continuing legal education requirements in criminal or bail bond law. *Id.* § 1704.152 (emphasis added). Section 1704.154(e) requires that a corporation "file a separate corporate application for each agent the corporation designates in the county." *Id.* § 1704.154(e).

The general requirements for a license application under section 1704.154 include a statement of the applicant's name, age, and address; the name under which the bail bond business will be conducted; a complete, sworn financial statement; a compliance declaration by the applicant; three letters of recommendation; a $500 filing fee; a photograph of the applicant, or if the applicant is a corporation, of the agent designated in the application; and a set of fingerprints of the applicant or the agent designated. *Id.* § 1704.154. As noted above, corporations must file separate applications for each of their agents.

---

[1]Letter from Honorable David K. Walker, Montgomery County Attorney, to Honorable Greg Abbott, Texas Attorney General (Sept. 17, 2003) (on file with Opinion Committee).

The question is whether, in addition to being licensed as an agent of the corporation pursuant to section 1704.154(e), an agent of the corporation must also be independently licensed in his or her own person. A second related question may be whether a corporation must have a license to do business separate and apart from the licenses issued to its agents pursuant to section 1704.154(e), but we do not address that question here because it was not expressly raised or briefed. Rather, we consider whether section 1704.154 is to be read to require the agent of a corporate surety to possess both a license as a private person, under section 1704.154(a), as well as a license as an agent of the corporation pursuant to section 1704.154(e).

A reading of the relevant sections as a whole makes it plain that such is not the case. First, the term "person" for the purposes of chapter 1704 specifically includes corporations. *See id.* § 1704.001(5). Accordingly, a "person" who must be licensed under section 1704.151 need not be a natural person, but may be a corporation. Moreover, a natural person may act as an agent of a corporation that has obtained an agent's license for him or her. Under section 1704.154(b)(4)(C)(ii), each of the three letters of recommendation required must be from a reputable person who "has known the applicant or, *if the applicant is a corporation, the agent designated by the corporation in the application* for at least three years." *Id.* § 1704.154(b)(4)(C)(ii) (emphasis added). If the applicant is a corporation, section 1704.154(b)(4)(E) requires a photograph "of the agent designated by the corporation in the application." *Id.* § 1704.154(b)(4)(E). Similarly, if the applicant is a corporation, the fingerprint requirement applies to the designated agent. *See id.* § 1704.154(b)(4)(F). Reading the statute as a whole, as we are required to do, *see* TEX. GOV. CODE ANN. § 311.021(2) (Vernon 1998) (providing that the legislature intends the entire statute to be effective), it is clear that so long as an agent of a corporate surety is acting solely in that capacity, the license under which the agent is required by section 1701.151 to do business is that issued as a result of the "separate corporate application for each agent the corporation designates in the county" required by section 1704.154(e).

Thus, a corporation must ensure that it has made a separate application for each of its agents in a county; that each of its agents meets the eligibility requirements for a license; that each of the applications for its agents comports fully with the requirements of section 1704.154, including the necessary filing fee; and that it has, pursuant to section 1704.160(b), posted separate security for each license granted it. When the corporation has complied with these requirements, the agent need not possess an entirely independent license to do business as a bail bond surety, providing the agent conducts business for the corporate principal only. *See* Tex. Att'y Gen. Op. No. DM-224 (1993) at 2.

## S U M M A R Y

An agent of a corporate surety licensed as such by a county bail bond board does not require an independent license to act as agent of the corporation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee